IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

_____

JEFFERY PRESLEY, et al.,

Plaintiffs,

v.  *No. 4:05-CV-00148*

CHRISTOPHER EPPS, et al.,

Defendants.

_____

**DECLARATION OF LAWRENCE CALDWELL
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH
CONSENT DECREE PROVISIONS ON EXCESSIVE FORCE
AND TO CONSOLIDATE WITH PLAINTIFF'S PENDING MOTION TO ENFORCE
CONSENT DECREE PROVISIONS ON TREATMENT OF THE MENTALLY ILL**

Lawrence Caldwell declares the following, under penalty of perjury:

1. I am employed of the National Prison Project of the American Civil Liberties Union as a paralegal. My duties as a paralegal include indexing, reviewing and summarizing documents to assist counsel for Plaintiffs in the case of *Presley v. Epps*, No. 4:05-CV-00148.

2. I have reviewed three DVDs which the Defendants in this case produced in response to Plaintiffs' December 20, 2006, discovery request for all videotapes of instances of use of force against Unit 32 prisoners, and the videotape Defendants produced of the use of force against Kevin King on February 13, 2007. I have also reviewed all incident reports that Defendants produced in connection with the videotaped incidents of use of force.

3. In virtually all of the videotape recordings Defendants produced, the cell interior of the

1

cell is hidden from view and the use of force that occurs inside the cell when officers enter is not recorded. The security cameras are mounted in such a way that they do not record the interiors of the cells, with the sole exception of the corner cells; the interiors of the corner cells could, in theory, be viewed through the security camera, but only if the cell door were wide open, the camera happened to be aimed directly into the open door, and staff members were not blocking the view inside (a conjunction of events that does not appear ever to have occurred on the videotapes produced to Plaintiffs).

    4. The videotapes provided on the DVDs are silent; there is no sound recorded in any of the use of force tapes, even though MDOC policy requires the use of cameras with sound recording capability.

    5. It appears that Defendants very seldom use a portable video recorder to record incidents of use of force. In the DVDs Defendants produced to Plaintiffs, there are two instances in which the mounted security camera captures a view of a prison employee using a portable video camera to record a cell extraction (incidents of use of force against inmate Robert Marsh on August 16, 2006 (Tape Time Meter at 12:54:32 pm), and on November 20, 2006 (Tape Time Meter at 2:12:13 pm). Defendants have not produced the recordings made with the portable camera.

    6. Several of the incidents captured on the videotapes show cell extractions. However, the only images captured on tape in most of these recordings are of a security officer reaching into or toward a cell with a canister followed by a burst of spray, sometimes followed by an officer or officers entering a cell and later exiting with a shackled inmate.

    7. In the Kevin King incident of February 13, 2007, Officer Anderson can be seen using

pepper spray on King even though King was handcuffed and kneeling in restraint gear, with at least three officers present.

I affirm that the foregoing is true and correct, under penalty of perjury, this 21st day of May 2007.

<u>/s/ Lawrence Caldwell</u>

Lawrence Caldwell